IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 14-53018-CAG-7 |
| | * | |
| JAMES GANDY and | * | |
| CORINNE D. GANDY, | * | |
| | * | |
| DEBTORS. | * | CHAPTER 7 |

**UNITED STATES' RESPONSE TO TRUSTEE'S 363 MOTION
TO SELL PROPERTY LOCATED AT 108 LARRY LEE DRIVE**

United States of America (Internal Revenue Service), responds to the Trustee's Section 363 Motion to Sell the Property Located at 108 Larry Lee Drive, Kerrville, Texas 78028 (the Property), (the Motion at Dkt. 60), and would show that while the United States generally supports the sale, it must partially oppose the Motion until the following conditions and objections are resolved:

1. The Motion and accompanying Proposed Order correctly recognize that the IRS has a publicly filed a Notice of Federal Tax Lien against the Property, and that such Property may be sold under Section 363 of the Bankruptcy Code free and clear of such tax lien. However, the Motion and Order go too far in that they use language stating that the United States' tax lien is "released" with respect to the Property. Here, the United States' tax lien attaches to all of the Debtors' property and rights to property. 26 U.S.C. § 6321 and any order entered by the Court must be careful not to release the general tax lien in any way. A release is a voluntary act of a lien holder, and is different from a court order clearing title to specific property or removing liens from specific property. Additionally, the Court cannot order the IRS to administratively release or discharge the property from its tax liens. Section 6325 of the Internal Revenue Code (Title 26) allows the IRS to administratively release its tax liens only if one of two conditions

1

exists: (1) the tax liability is satisfied or has become unenforceable; or (2) a bond is posted. 26 U.S.C. § 6325(a)(1) and (2). Neither condition exists, and the Motion does not suggest otherwise. Finally, the statutory authority to release a tax lien or discharge specific property from a tax lien under Section 6325 is discretionary with the IRS, and review of that discretion is not included in the Court's jurisdiction under Section 363. Accordingly, it is imperative that the language used in the Court's order on the Trustee's Motion be limited to selling the Property free and clear of the United States' tax lien, but not "releasing" that tax lien and not requiring the IRS to administratively release or discharge of the Property from the tax lien.[1]

2. The Motion seeks compensation for the Trustee under Section 326 of the Bankruptcy Code in the amount of $50,000 when there is no explanation of what the Trustee has done to justify such payment. Section 326 sets an outer limit on the compensation that the Court may award to the Trustee on this sale at $49,500, and even then, such compensation must be reasonable. The Motion provides no explanation as to why compensating the Trustee for such a large amount is necessary when the Trustee is already paying a realtor 6% (nearly $60,000) for marketing and selling the Property.[2]

3. The Proposed Order appears to contain conflicting language regarding whether the liens for ad valorem taxes will remain attached after closing, or will be paid at closing.

4. The Proposed Order mentions a "municipal lien," but such lien is not explained in the Motion. At this time, the United States is unable to determine whether such "municipal lien"

---

[1] Even assuming the Court had some jurisdiction to order the IRS to issue a discharge of the Property from its tax liens, the Court's order for sale free and clear provides buyers and title companies with all of the comfort they are entitled without burdening the IRS with endless orders to issue discharges under 26 U.S.C. § 6325(b) for every property sold "free and clear" under Section 363 of the Bankruptcy Code.

[2] Additionally, it appears that the alleged foreclosure of an alleged inferior lien by the Debtors' mother and leaseback of the Property to the Debtors may have been an attempt hide an asset that would have otherwise been exempt and not subject to sale by the Chapter 7 Trustee.

has priority over its tax lien, and objects to the payment of any such lien as part of the closing costs until its priority can be verified.

5. Finally, assuming that the foregoing concerns can be resolved, the net proceeds of the sale should be paid at closing or promptly by the Trustee to the United States by delivering a check or wire transfer payable to "The Department of Justice" at 717 N. Harwood, Suite 400, Dallas, Texas 75201, to ensure the proper application of those proceeds to the Debtors' liabilities.

Prayer

The United States prays that the foregoing objections and conditions be resolved to its satisfaction before the Trustee's Motion is approved.

RICHARD L. DURBIN, JR.
United States Attorney

*/s/ Andrew L. Sobotka*
RAMONA S. NOTINGER
Ramona.S.Notinger@usdoj.gov
Texas Bar No. 19158900
U. S. Department of Justice, Tax Division
717 N. Harwood, Suite 400
Dallas, Texas 75201
214/880-9766 [9742 fax]

ANDREW L. SOBOTKA
Andrew.L.Sobotka@usdoj.gov
Texas Bar No. 18819900
U.S. Department of Justice, Tax Division
717 N. Harwood, Suite 400
Dallas, Texas 75201
214/880-9736 [9741 fax)

ATTORNEYS FOR THE UNITED STATES
(INTERNAL REVENUE SERVICE)

CERTIFICATE OF SERVICE

  IT IS HEREBY CERTIFIED that service of the foregoing Response has been made on the 26th day of June, 2015, by sending a copy by U.S. mail or e-mail or through ECF to:

James & Corinne Gandy, Debtors
3157 Double Eagle Drive
Kerrville, Texas  78028

H. Anthony Hervol, Esq.
4414 Centerview Drive, Suite 200
San Antonio, Texas  78228

Randolph N. Osherow, Esq.
Chapter 7 Trustee
342 W. Woodlawn, Suite 100
San Antonio, Texas  78212

James Rose, Esq.
U.S. Trustee's Office
PO Box 1539
San Antonio, TX 78295-1539

Eric Terry, Esq.
2161 NW Military Hwy., Suite 201
San Antonio, Texas  78213

& all other parties requesting ECF notice

              */s/   Andrew L. Sobotka*
              Andrew L. Sobotka